RICK D. ROSKELLEY (STATE BAR NO. 3192)
LITTLER MENDELSON
3960 Howard Hughes Pkwy, Suite 300
Las Vegas, NV  89109
Telephone:     702-862-8800
Facsimile:      702-862-8811

LYNNE C. HERMLE (Admitted *Pro Hac Vice*)
JOSEPH C. LIBURT (Admitted *Pro Hac Vice*)
JESSICA R. PERRY (Admitted *Pro Hac Vice*)
LEAH L. SCHOLER (Admitted *Pro Hac Vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     650-614-7400
Facsimile:      650-614-7401

Attorneys for Defendant
FAIRFIELD RESORTS, INC.

UNITED STATES DISTRICT COURT

DISTRICT COURT OF NEVADA

| | |
|---|---|
| JOSEPH H. WESTERFIELD, KENNY K.M. CHEUNG, THOMAS J. KELLEY, LEE M. NOVAK, KATHERINE SELLERS, BARBARA DANE, FELIX A. ROMERO ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>FAIRFIELD RESORTS, INC.,<br><br>Defendant. | Case No.  CV-S-05-1264-JCM-RJJ<br><br>**EMERGENCY REQUEST OF DEFENDANT FAIRFIELD RESORTS, INC. TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND STAY EXECUTION OF ORDER** |

## I. INTRODUCTION

In its ruling from the bench on March 29, 2006 ("Order") (written form of order pending), this Court conditionally approved nationwide class certification of Plaintiff Joseph Westerfield's proposed class action under the Fair Labor Standards Act ("FLSA"), ordered defendant Fairfield Resorts, Inc. ("Fairfield") to produce the name and address of all potential class members nationwide, and approved the mailing of a notice to all potential class members nationwide. Fairfield requests that the Court certify its Order for interlocutory appeal pursuant to 28 U.S.C. section 1292(b).

Fairfield also requests that this Court stay the execution of its Order pending either interlocutory appeal or petition for writ of mandate to the Ninth Circuit Court of Appeals. If a stay is not granted, any interlocutory appeal or writ would be moot because Fairfield will have already produced the class member data and the notice will have already been mailed before any decision can be rendered by the Court of Appeals.

## II. ARGUMENT

### A. The Court Should Certify its Order for Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b)

Fairfield's respectfully requests that the Court certify its Order for interlocutory appeal. Certification is appropriate because the order to produce nationwide class member information and to authorize nationwide notice, absent any competent evidence that Plaintiff is similarly situated to nationwide members of the proposed class, is within the scope of the interlocutory appeal statute, 28 U.S.C. § 1292(b),[1] and appeal may lead to a dramatic streamlining and simplification of this lawsuit.

A district court may certify an order for interlocutory appeal pursuant to 28 U.S.C. § 12929(b) if the order (1) involves a "controlling question of law"; (2) offers substantial ground

---

[1] Fairfield believes the Order is immediately appealable under the collateral order doctrine, see In re Victor Technologies Securities Litigation, 792 F.2d 862 (9th Cir. 1986) (under Rule 23, order addressing the standards a district court should use to identify and notify class members is appealable under collateral order doctrine), but does not want to waive its opportunity to seek permissive interlocutory appeal in the event the Court of Appeals disagrees as to the applicability of the collateral order doctrine.

for difference of opinion; and (3) if appealed immediately, resolution of the issue will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F. 2d 747, 754 (3d Cir.), cert. denied, 419 U.S. 885 (1974); see LaChapelle v. Owens-Illinois, Inc., 513 F. 2d 286, 287 n.1 (5th Cir. 1975).[2]

Certification is warranted in this case because all three requirements are satisfied. This is demonstrated by numerous other courts having certified FLSA notice orders for interlocutory appeal, recognizing the impact reversal of such decisions would have on the litigation. See, e.g., Kinney Shoe Corporation v. Vorhes, 564 F.2d 859, 860-861 (9th Cir. 1977) (notice order certified for interlocutory appeal by district court, appeal accepted by Ninth Circuit, execution of order stayed pending appeal); Partlow v. Jewish Orphans' Home of Southern California, 645 F.2d 757, 758 (9th Cir. 1981) (notice order certified for interlocutory appeal, appeal accepted by Ninth Circuit); Dolan v. Project Const. Corp., 725 F.2d 1263, 1265 (10th Cir. 1984) (notice order certified for interlocutory appeal, appeal accepted by court of appeals); McKenna v. Champion Int'l Corp., 747 F. 2d 1211, 1212 (8th Cir. 1984) (ADEA case governed by FLSA notice standard) (notice order certified for interlocutory appeal, accepted by court of appeals); Woods v. New York Life Ins. Co., 686 F. 2d 578, 579 (7th Cir. 1982) (same); Palmer v. Reader's Digest Ass'n, 42 Fair Empl. Prac. Cas. (BNA) 209, 211-12, 1986 WL 324 (S.D.N.Y. 1986) (notice order certified for interlocutory appeal).

**1.   The Order Involves A Controlling Question of Law Whose Immediate Resolution Will Materially Advance the Ultimate Termination of the Litigation**

Courts have tended to blend the first and third elements of the interlocutory appeal test. "A question need not be dispositive of the case to qualify as a controlling one." 19 Moore's Federal Practice, § 203.31[3], at 203-90.1 (2005); see Kuehner v. Dickinson & Company, 84 F.3d

---

[2] A district court has several procedural options. It can either certify within the original Order, it can issue an amended Order to include the certification, or it can certify in a separate order. E.A.S.T., Inc. v. M/V Alaia, 876 F. 2d 1168, 1171 (5th Cir. 1989) (court amended order to certify it for interlocutory appeal); In re Hamilton, 122 F.3d 13, 14 (7th Cir. 1997) (certifying order for interlocutory appeal in separate order permissible); see also In re Benny, 812 F.2d 1133, 1136-1137 (9th Cir. 1987) (district court may re-certify same order a second time). Fairfield has submitted a separate proposed order for the Court's consideration.

1  316, 319 (9th Cir. 1996) (in FLSA action, "issues collateral to the merits may be the proper
2  subject of an interlocutory appeal"); Johnson v. Burken, 930 F.2d 1202, 1205-06 (7th Cir. 1991)
3  ("'controlling' is not read literally").  Rather, the focus is on whether the order satisfies the third
4  element that it "may materially advance the ultimate termination of the case."  19 Moore's Federal
5  Practice, § 203.31[3], at 203-91 (2005).  In determining whether appeal of an order might
6  "materially advance" the termination of litigation, courts have noted that section 1292(b) was
7  designed to avoid harm to a party during the pendency of a suit from a possibly erroneous
8  interlocutory order and to avoid potentially wasted trial time and litigation expense.  See Katz,
9  496 F. 2d at 756;  Johnson, 930 F.2d at 1206 ("a growing number of decisions have accepted the
10 rule that a question is controlling, even though its decision might not lead to reversal on appeal, if
11 interlocutory reversal might save time for the district court, and time and expense for the
12 litigants").  Accordingly, the resources of the district court that are preserved by reversal of an
13 erroneous ruling, and the onerous burdens imposed on a party by such a ruling, are relevant to
14 determine whether an interlocutory appeal would "materially advance" the litigation.  16 C.
15 Wright, A. Miller, & E. Cooper, Federal Practice and Procedure:  Jurisdiction 2d § 3930 (2005).
16             In Palmer v. Reader's Digest Ass'n, 42 Fair Empl. Prac. Cas. (BNA) 209, 211-12,
17 1986 WL 324 (S.D.N.Y. 1986), the district court certified its decision to authorize notice for
18 interlocutory appeal, finding that an immediate appeal might "materially advance the ultimate
19 termination of the litigation" as it could impact the construction of the class.  As the Palmer court
20 noted in certifying the order for interlocutory appeal after authorizing a "wave of notices," if the
21 court of appeals later found that production of class member data should not have been
22 compelled, or that authorization of the notice was in error, "the litigation would ... be in a
23 lamentable state of disarray.  To quote a contemporary metaphor, the toothpaste having been
24 squeezed out of the tube, how is it to be put back in again?" Id. at 212.
25             This reasoning applies here.  Presently, the Court has authorized the mailing of
26 notice to thousands of past and present Fairfield employees across the country, without any
27 competent evidence of either a nationwide practice or nationwide harm.  Fairfield is likely to
28 incur substantial litigation expense if the notice goes out nationwide, as it will then be required to

1  engage in substantial discovery for each opt-in class member, including depositions all over the
2  United States.  Moreover, if the Order is reversed, the sending of notice to employees and former
3  employees all over the United States will result in significant confusion.  Indeed, it is for reasons
4  like these that several courts have noted the "ready opportunity for abuse" that would be
5  presented if the plaintiff were not required to make a proper showing.  White v. Osmose, 204 F.
6  Supp. 2d 1309, 1314 (M.D. Ala. 2002); Holt v. Rite-Aid Corp., 333 F. Supp. 2d 1265, 1270
7  (M.D. Ala. 2004) (same); see Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 267 (D. Minn.
8  1991) ("In seeking court-authorized notice, plaintiffs are in effect asking this court to assist in
9  their efforts to locate potential plaintiffs and thereby expand the scope of this litigation. … The
10  courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation
11  through unwarranted solicitation"); Mackenzie v. Kindred Hosps. East, LLC, 276 F. Supp. 2d
12  1211, 1220 (M.D. Fla. 2003) (Certification of a collective action and notice to a potential class is
13  not appropriate to determine whether there are others who desire to join the lawsuit); Smith v.
14  Soverereign Bancorp, Inc., No. 03-2420, 2003 U.S. Dist. LEXIS 21010, at *9-10 (E.D. Pa. Nov.
15  13, 2003) (notice to all employees without proper showing "is, at best, an inefficient and
16  overbroad application of the opt-in system, and at worst it places a substantial and expensive
17  burden on a defendant to provide names and addresses of thousands of employees who would
18  clearly be established as outside the class if the plaintiff were to conduct even minimal class-
19  related discovery."); Harrison v. McDonald's Corp., 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005)
20  (plaintiffs must make proper showing "[b]efore subjecting an employer to the burdens of a
21  collective action").[3]  The Appeal of the Order authorizing production of nationwide data and
22  nationwide notice, if granted, will result in significant simplification of trial court proceedings.

### 2. **The Order Offers Substantial Ground for Difference of Opinion**

Certification of this Court's Order granting the motion to authorize nationwide notice is appropriate because there are substantial grounds for difference of opinion as to the

---

[3] "I cannot accept the extraordinary assertion that an aggrieved party can file a complaint, claiming to represent a class whose preliminary scope is defined by him, and by that act alone obtain a court order which conditionally determines the parameters of the potential class and requires discovery concerning the members of that class."  Shushan v. University of Colorado, 132 F.R.D. 263, 268 (D. Colo. 1990).

1   appropriateness of nationwide production of data and nationwide notice when no competent,
2   admissible evidence has been submitted that would show either a nationwide practice or
3   nationwide harm from such practice.

4         A substantial ground for difference of opinion is often established by a dearth of
5   precedent within the controlling jurisdiction and/or conflicting decisions in other circuits. APCC
6   Servs. v. AT&T, 297 F. Supp. 2d 101, 107 (D. D.C. 2003); United States ex rel. Huangyan Imp.
7   & Exp. Corp v. Nature's Farm Products, 370 F. Supp. 2d 993, 1005 (N.D. Cal. 2005); Alpex
8   Computer Corp. v. Nintendo of America, Inc., No. 86-Civ-1749, 1991 U.S. Dist. LEXIS 17559,
9   at *7-8 (S.D.N.Y. Dec. 5, 1991). Here, there is no Ninth Circuit precedent on point, and there are
10  conflicting decisions in other circuits.

11        All courts agree that to obtain potential class member data and authorization to
12  send a notice, the plaintiff must show that members of the proposed class are "similarly situated."
13  See, e.g., Severtson, 137 F.R.D. at 267; Davis v. Charoen Pokphand (USA), Inc., 303 F. Supp. 2d
14  1272, 1275 (M.D. Ala. 2004).[4] Although a few courts have held that this may be accomplished
15  solely on the basis of the allegations in the complaint, the vast majority of courts have held that
16  the plaintiff must make at least a "modest factual showing" through the submission of affidavits
17  containing admissible evidence.[5]

---

[4] It is well-settled that the plaintiff bears the burden of proof to establish that members of the proposed class are similarly situated. Davis, 303 F. Supp. 2d at 1275.

[5] Courts require admissible evidence on motions to circulate notice in FLSA actions. McElmurry, 2004 U.S. Dist. LEXIS 15233, at *10 ("plaintiffs are required to show through admissible evidence a 'reasonable basis' for their claim that the employer acted on a class-wide basis"). Thus, courts refuse to consider declarations that lack personal knowledge or are based on speculation. Threatt, 2005 U.S. Dist. LEXIS 16903, at *15-16 (denying nationwide notice because "Plaintiffs have offered absolutely nothing more than mere speculation that all [defendant's staff] throughout Indiana, Florida and New Mexico worked the same schedule as [declarants]"); Briggs v. United States, 54 Fed. Cl. 205, 207 (2002) (declarant's claim she is "aware of workers in as many as five state who had failed to receive overtime pay is insufficient to support 'a national notice of action' because it offers no specific support for the allegations of the violation (e.g., names, dates, places, types of unlawful action, etc.)"); Richards v. Computer Scis. Corp., No. 3-03-CV-00630, 2004 U.S. Dist. LEXIS 19637, at *4-5 (D. Conn. Sept. 28, 2004) (striking portions of affidavits not supported by personal knowledge); Davis, 303 F. Supp. 2d at 1278-79; Harrison, 411 F. Supp. 2d at 871; Smith, 2003 U.S. Dist. LEXIS 21010, at *10-11; Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). To this end, courts refuse to consider statements in a declaration that employees in other offices face the same conditions that the declarant faces, unless the declarant shows evidence of personal knowledge. Harrison, 411 F. Supp. 2d at 865-866; Richards, 2004 U.S. Dist. LEXIS 19637, at *6.

Where the plaintiff is requesting production of <u>nationwide</u> data to enable a <u>nationwide</u> notice, courts have required that there be (1) competent, admissible evidence of a nationwide policy or practice, and (2) competent, admissible evidence that people have been harmed by this policy or practice nationwide. Thus, courts have consistently limited the geographic scope of the notices they have authorized to sites where the affiants worked (and thus had some personal knowledge of the practice and the harm):

- <u>Tucker v. Labor Leasing, Inc.</u>, 872 F. Supp. 941, 948 (M.D. Fla. 1994) (notice limited to location at which declarants worked because they failed "to provide any evidence with respect to the job requirements or pay provisions" of employees in other locations, disregarding hearsay evidence);

- <u>Harper v. Lovett's Buffet, Inc.</u>, 185 F.R.D. 358, 363-64 (M.D. Ala. 1999) (nationwide notice denied; 15 affidavits and 21 consents filed, all from same restaurant; notice limited to that site, notice denied for sites in six other states);

- <u>White v. Osmose</u>, 204 F. Supp. 2d 1309 (M.D. Ala. 2002) (nationwide notice denied; affidavits and deposition testimony from Alabama only, notice to Alabama only);

- <u>Threatt v. Residential CRF, Inc.</u>, No. 1:05-CV-117, 2005 U.S. Dist. LEXIS 16903, at *16-18 (N.D. Ind. August 12, 2005) (nationwide notice denied; affidavits submitted from one site, notice limited to that site because nothing but speculation that people at other sites worked same schedule and thus harmed by alleged practice);

- <u>Clark v. Dollar Gen. Corp.</u>, No. 3:00-0729, 2001 U.S. Dist. LEXIS 25976, at *14 (M.D. Tenn. May 24, 2001) (nationwide notice denied where plaintiffs submitted 12 declarations from 7 stores in 2 states);

- <u>Torres v. CSK Auto, Inc.</u>, No. EP-03-CA-113, 2003 U.S. Dist. LEXIS 25092 (W.D. Tex. Dec. 17, 2003) (nationwide notice denied; speculation and hearsay in affidavits regarding other sites disregarded, notice limited to one site; mere fact of common software program among different sites does not establish widespread violation);

- <u>McElmurry v. US Bank Nat'l Ass'n</u>, No. CV-04-642-HU, 2004 U.S. Dist. LEXIS 15233, at *10 (D. Or. July 27, 2004) (nationwide notice denied; common facts failed to show any given member of putative class was harmed by policy).

Here, Plaintiffs submitted 11 declarations from Las Vegas employees to support

---

Courts also refuse to consider evidence that is inadmissible for other reasons, such as hearsay, in connection with a Section 216(b) motion to determine whether other employees are similarly situated. <u>Harrison</u>, 411 F. Supp. 2d at 865-866 (refusing to consider hearsay in plaintiff's affidavit).

1   their motion for nationwide data and nationwide notice.  Two of the 11 declarants had previously
2   worked at Fairfield's Nashville, Tennessee site within the class period.[6]  Plaintiffs submitted no
3   declarations from anyone who had ever worked during the class period at any of Fairfield's
4   approximately 40 other sites in the United States.[7]

5   Nevertheless, this Court ordered that Fairfield produce nationwide data, and
6   authorized a nationwide notice.  The Court specifically held that adherence to the rules of
7   evidence is not required:  "I think we're at the first tier, and the plaintiffs do not need to present
8   proof that would be admissible at trial.  It's more like a pleading standard, and so I think the
9   plaintiffs are entitled to granting of the motion."  Reporter's Transcript of Proceedings, March 29,
10  2006 ("Transcript"), at pp. 17-18.[8]  This ruling and rationale set this Court at odds with the
11  numerous other courts that have denied nationwide notice under 29 U.S.C. 216(b), cited above.
12  The other courts have limited the notice geographically to conform to the competent evidence,
13  and for nationwide notice, have required competent, admissible evidence of (1) the existence of a
14  nationwide, uniform corporate policy or practice (2) that actually harmed employees nationwide.
15  In no other case that Fairfield has found has a court authorized a nationwide notice based solely
16  on the unsubstantiated allegations in the complaint, or based on declarations of employees from
17  only a few locations. Indeed, in the absence of admissible evidence, the Court's ruling is
18  essentially based on the automatic notice standard (based solely on the allegations in the
19  complaint) that has been rejected by the vast majority of courts.   Indeed, this Court made this
20  quite clear by stating that "it's more like a pleading standard." Transcript, at p. 17-18.  In light of
21  this authority, there are substantial grounds for difference of opinion as to the amount and

---

[6] One of the 11 declarants had worked at Fairfield's Guinnett, Georgia site several years prior to the class period, and another of the 11 declarants had worked at Fairfield's Williamsburg, Virginia site several years prior to the class period.  Both sides agreed in their briefs that the notice should be limited to employees who worked within the maximum statute of limitations period.  See, e.g., Belcher v. Shoney's Inc., 927 F. Supp. 249, 252 (M.D. Tenn. 1996).  Plaintiffs submitted no competent evidence as to anything that occurred in the Virginia and Georgia sites during the class period.

[7] Fairfield objected in its opposition brief to the competence of Plaintiffs' declarations and their ability to serve as a proper foundation for nationwide notice.

[8] When this Court ruled from the bench during the oral argument, the Court relied primarily upon the FLSA's "remedial purpose", Transcript at p. 16, stating that the FLSA has "consistently been construed broadly, remedially, and liberally." Transcript at p. 17.

1 admissibility of evidence required to obtain nationwide data and nationwide notice, and
2 consequently whether nationwide notice is appropriate in this case.

   **B.    The Court Should Stay its Order Pending Either Interlocutory Appeal or Petition for Writ of Mandate**

Fairfield specifically requests that the Court stay enforcement of its Order pending Fairfield's interlocutory appeal (and/or petition for writ of mandate).  Section 1292(b) empowers a district court to stay proceedings or enforcement of an order pending an application for interlocutory appeal.[9]  28 U.S.C. § 1292(b);  see, e.g., Gionis v. Javitch, Block & Rathbone, No. 2:04-CV-1119 , 2005 U.S. Dist. LEXIS 35573, *8 (S.D. Ohio Dec. 14, 2005) (district court order certified for interlocutory appeal; all further proceedings stayed pending the outcome of that appeal); Chase Manhattan Bank v. Iridium Afr. Corp., 324 F. Supp. 2d 540, 544-47 (D. Del. 2004) ("Pursuant to 28 U.S.C. § 1292(b), a district court may stay further proceedings pending the appeal of issues certified by the district court.  The Court concludes that a stay is appropriate in this case because the issues awaiting resolution are dependent upon the outcome of the certified appeal."); Kinney Shoe Corporation v. Vorhes, 564 F.2d 859, 861 (9th Cir. 1977) (notice order certified for interlocutory appeal by district court, accepted by Ninth Circuit, execution of order stayed pending appeal).[10]

Here, a stay is appropriate under the instant circumstances.  The Court's Order, although not yet signed, it likely to require compliance within a short time period.  If the Order is not stayed, Fairfield will be required to produce data and the notice will be sent before Fairfield's appeal and/or writ can be decided.  Thus, without a stay, such appeal or writ will be rendered moot.

**III.    CONCLUSION**

For the foregoing reasons, Fairfield respectfully requests that this Court certify for

---

[9] "The application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."  (Emphasis added.)

[10] Other federal authorities similarly provide for stays of proceedings depending the outcome of an appeal.  See generally Blair v. Equifax Check Servs., 181 F.3d 832, 835 (7th Cir. 1999) (stays requested under F.R.C.P. 23(f) conditioned upon "a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting").

interlocutory appeal its Order requiring production of nationwide class member data and authorizing nationwide notice. Fairfield also requests that this Court stay the enforcement of its Order pending a decision from the Ninth Circuit Court of Appeals on the appeal and/or petition for writ of mandate that Fairfield plans to file promptly after receipt of this Court's written Order.

Dated:  April 11, 2006.

RICK D. ROSKELLEY
LITTLER MENDELSON

LYNNE C. HERMLE
JOSEPH C. LIBURT
JESSICA R. PERRY
LEAH L. SCHOLER
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/
Joseph C. Liburt
Attorneys for Defendant
FAIRFIELD RESORTS, INC.